UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-09388-RGK-AS | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Monika Duncan v. Baxalta US Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 17]

## I. INTRODUCTION AND BACKGROUND

On September 30, 2024, Monika Duncan ("Plaintiff") filed a putative class action Complaint in state court against her employer, Baxalta US Inc, and Ron Grave. (ECF No. 1-2.) Plaintiff asserts the following claims under the California Labor Code: (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Provide Meal Periods; (4) Failure to Provide Rest Periods; (5) Failure to Pay All Wages Due Upon Termination; (6) Failure to Provide Accurate Wage Statements; (7) Failure to Timely Pay Wages During Employment; (8) Failure to Reimburse Business Expenses; and (9) Failure to Pay Vacation Benefits Upon Termination. Plaintiff also asserts a tenth claim for unfair competition under California Business and Professions Code §17200. On October 30, 2024, Baxalta removed the case to federal court pursuant to the Class Action Fairness Act ("CAFA"). (ECF No. 1.)

Presently before the Court is Plaintiff's Motion to Remand. For the following reasons, the Court **DENIES** the Motion.

## II. JUDICIAL STANDARD

28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. CAFA vests district courts with original jurisdiction over putative class actions where (1) the amount in controversy exceeds $5 million, (2) the class members number at least 100, and (3) at least one plaintiff is diverse from any one defendant. 28 U.S.C. § 1332(d)(2)–(5). The defendant always bears the burden of establishing that removal is proper and establishing the jurisdictional facts by a preponderance of the evidence. *Gaus v. Miles*, 980 F.2d 564, 566–67 (9th Cir. 1992). The enactment of CAFA does not alter this rule. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). But although a presumption against federal jurisdiction exists in run-of-the-mill diversity cases, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-09388-RGK-AS | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Monika Duncan v. Baxalta US Inc. et al.* | | |

The defendant's notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. However, when a plaintiff challenges the defendant's assertion of the amount in controversy, evidence establishing the amount is required. *Id.* "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)). When the plaintiff disputes that the amount in controversy is satisfied, "[c]onclusory allegations as to the amount in controversy are insufficient" to satisfy the removing party's burden of proof. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). A defendant must "persuade the court that the estimate of damages in controversy is a reasonable one." *Id.*

### III.  DISCUSSION

In its Notice of Removal, Baxalta claims the amount in controversy in this case is $21,282,313.48 before factoring in attorneys' fees, which is over four times CAFA's $5 million threshold. Plaintiff nonetheless argues that the Court lacks subject matter jurisdiction under CAFA because Baxalta has failed to satisfy its burden of proving that the amount in controversy exceeds $5 million.[1] Specifically, Plaintiff argues that the violation rates Baxalta used to calculate the amount in controversy with respect to each of Plaintiff's claims are unsubstantiated. The Court disagrees. As explained below, Baxalta's amount in controversy calculations for Plaintiff's meal and rest period claims and waiting time violation claim are reasonable and sufficient on their own to establish subject matter jurisdiction under CAFA.

#### A.   Meal and Rest Period Violations

Plaintiff argues that in its Notice of Removal, Baxalta relies on unreasonable assumptions to calculate $11,578,941.16 in controversy for her meal and rest break violation claims. Specifically, Plaintiff argues that Baxalta unreasonably assumed a 100% violation rate—that *all* 1,006 putative class members suffered a minimum of two meal break violations *per week*—despite language in the Complaint suggesting Baxalta only committed meal and rest break violations "at times" as to "some"

---

[1] Plaintiff also argues that the Court should remand the case based on lack of subject matter jurisdiction over her equitable UCL claim. Plaintiff's position lacks legal support, however, as the Ninth Circuit "has held that the presence of at least some claims over which the district court has original jurisdiction is sufficient to allow removal of an entire case, even if others of the claims alleged are beyond the district court's power to decide." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002–03 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-09388-RGK-AS | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Monika Duncan v. Baxalta US Inc. et al.* | | |

class members. (Compl. ¶¶ 16–17.) Baxalta cites to other allegations in the Complaint where Plaintiff suggests Baxalta engaged in a "common course of conduct" and responds that those allegations entitle it to assume a 100% violation rate because they suggest a pattern or practice of Labor Code violations. (*Id.* ¶ 32.)

A plaintiff's allegation of occasional failure on the part of an employer can support a violation rate of 20%. *Luna v. Pronto Cal. Gen. Agency, LLC*, 2020 WL 4883879, at *3, n.1 (C.D. Cal. Aug. 19, 2020). Even a "pattern or practice" of violations does not necessarily indicate a 100% violation rate. *Ibarra*, 775 F.3d at 1198–99. If a complaint does not allege a 100% violation rate, like here, the defendant "bears the burden to show that its estimated amount in controversy relied on reasonable assumptions." *Id.*, 775 F.3d at 1199.

The Court agrees that Baxalta's initial calculation of the amount in controversy with respect to Plaintiff's meal and rest period claims in its Notice of Removal improperly relied on an assumed 100% violation rate. That assumption is foreclosed by the limiting language in the Complaint. However, Baxalta adjusted its calculation in response to Plaintiff's Motion. Its revised amount in controversy calculation for the meal and rest period claims is $3,991,820, which reflects a 20% assumed violation rate.[2] Baxalta also bolstered its calculation by providing a supplemental declaration explaining that during the relevant time period, putative class members worked an average of nearly four shifts per week, substantially all of which were meal and rest break eligible. (Suppl. Duncan Decl. ¶¶ 4,6.) The Court finds that a 20% violation rate is consistent with the allegations in the Complaint suggesting that only "some" class members were subject to meal and rest break violations "at times." (Compl. ¶¶ 16–17.) *See Cabrera v. S. Valley Almond Co.*, 2021 WL 5937585, at *7 (E.D. Cal. Dec. 16, 2021) (finding a 20% assumed violation rate reasonable where defendant submitted evidence regarding the number of employee shifts eligible for meal and rest breaks and plaintiff made identical allegations regarding frequency and prevalence of violations). As such, the assumptions underlying Baxalta's amount in controversy calculation with respect to Plaintiff's meal and rest break violation claims are reasonable.

Thus, Plaintiff's meal and rest period violation claims place $3,991,820 in controversy.

---

[2] Drawing from data collected in declarations submitted by Mary Duncan, Baxalta's Global HCM Functional Lead, Baxalta calculated this sum as follows: For *meal periods*, by multiplying: (a) the putative class members' average rate of pay ($33.01) by (b) 20% of the collective number of shifts exceeding 5.0 hours in length for which putative class members were eligible for at least one meal break pursuant to Cal. Lab. Code § 512 (300,178 shifts exceeding 5.0 hours x 0.20 = 60,035.6) for a total of $1,981,775.16. For *rest periods*, by multiplying (a) the putative class members' average rate of pay ($33.01) by (b) 20% of the collective number of shifts exceeding 3.5 hours in length for which putative class members were eligible for at least one rest break pursuant to Cal. Code Regs., tit. 8, § 11010(12) (304,460 shifts exceeding 3.5 hours x .20 = 60,892) for a total of $2,010,044.92. (*See* Duncan Decl., ECF No. 1-7.; Suppl. Duncan Decl., ECF No. 22-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-09388-RGK-AS | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Monika Duncan v. Baxalta US Inc. et al.* | | |

### B. Waiting Time Penalties

Plaintiff argues that Baxalta relies on an unreasonable 100% violation rate to calculate $1,441,876.80 in controversy for her waiting time penalty claim. That is, Plaintiff claims Baxalta unreasonably assumed that each of the 182 separated employees it identified as putative class members are eligible for waiting time penalties under the Labor Code. This argument is meritless.

In California, "waiting time" penalties are available to discharged employees who are not timely paid *any* wages owed to them upon their discharge. Cal. Labor Code § 203. Here, Plaintiff's waiting time penalty claim is derivative of her other employment law claims. (Compl. ¶ 68.) Thus, each of the 182 discharged employees identified by Baxalta as potential class members need only have suffered *one* overtime violation *at any time* during their time at Baxalta to state a claim for waiting time penalties. It is reasonable for Baxalta to assume each of the 182 discharged putative class members are eligible for waiting time penalties because if they were not, they would have no business in Plaintiff's putative class because they never suffered a labor code violation. *Wilcox v. Harbor UCLA Med. Ctr. Guild Inc.*, 2023 WL 5246264, at *4 (C.D. Cal. Aug. 14, 2023). Thus, Baxalta's assumption that each of the 182 discharged employees it identified as putative class members are eligible for waiting time penalties is reasonable.

Plaintiff further argues that Baxalta's calculation is based on the unreasonable assumption that each of the 182 discharged employees it identified as potential class members are entitled to the maximum amount of unpaid wages recoverable under the Labor Code. A discharged employee who is not timely paid all the wages owed to him is entitled to penalties of up to 30 days' pay at his regular pay. Cal. Lab. Code. § 203(a). Baxalta's assumption is reasonable because the amount of controversy reflects the *maximum* amount the plaintiff could possibly recover. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).

Thus, the Court finds that Plaintiff's claim for waiting time violations place $ 1,441,876.80 in controversy.

Accordingly, Plaintiff's meal and rest period claims and waiting time penalty claim alone place $5,433,696.80 in controversy and satisfy the CAFA amount in controversy requirement. In turn, the Court does not address Baxalta's amount in controversy calculations for Plaintiff's other claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-09388-RGK-AS | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Monika Duncan v. Baxalta US Inc. et al.* | | |

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

|  |  : |
|---|---|
| Initials of Preparer | JRE/aa |